UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JORGE TOLEDO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 21-1286 (RJL) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION
(November *17*, 2022) [Dkts. #12, 14]

Plaintiff Jorge Toledo ("plaintiff" or "Toledo"), a former servicemember in the United States Marine Corps, challenges under 38 U.S.C. § 1975 and the Administrative Procedure Act, 5 U.S.C. § 701, et seq. ("APA"), the Department of the Navy's denial of his application for benefits under the Traumatic Servicemembers' Group Life Insurance Program ("TSGLI"). Because the decision of the Board for Correction of Naval Records ("Board") was not arbitrary, capricious, or an abuse of discretion, plaintiff's [Dkt. #12] Motion for Summary Judgment is DENIED and the United States' [Dkt. #14] Cross-Motion for Summary Judgment is GRANTED.

### BACKGROUND

**A. Statutory Background**

Under 38 U.S.C. § 1980A, a servicemember insured under Servicemembers' Group Life Insurance is "insured for traumatic injury" if he "sustains a traumatic injury ... that results in a qualifying loss." 38 U.S.C. § 1980A(a)(1). "Qualifying losses" include a

1

variety of injuries. *Id.* § 1980A(b)(1). Relevant here, "the inability to carry out the activities of daily living resulting from traumatic injury to the brain" is a "qualifying loss." *Id.* § 1980A(b)(1)(H). The statute further defines the "inability to carry out the activities of daily living" as "the inability to independently perform two or more of the following six functions:" (i) bathing; (ii) continence; (iii) dressing; (iv) eating; (v) toileting; and (vi) transferring. *Id.* § 1980A(b)(2)(D). A servicemember who suffers a qualifying loss is eligible to receive lump-sum payments ranging from $25,000 to $100,000 based on the loss sustained and, where appropriate, the length of time for which the loss is sustained. *See* 38 C.F.R. § 9.20(f). For inability to carry out activities of daily living ("ADL"), a servicemember may receive $25,000 at the 15th consecutive day of ADL loss; an additional $25,000 at the 30th consecutive day; an additional $25,000 at the 60th consecutive day; and an additional $25,000 at the 90th consecutive day. *See id.*

### B. Factual and Procedural Background

Plaintiff served as a Helicopter Crew Chief in the Marine Corps. AR1501. On July 6, 2011, plaintiff was involved in a helicopter crash during training and suffered a left trimalleolar fracture, skull fracture, lung contusions, and a concussion. AR467, 578. After surgery, plaintiff was released from the hospital on July 10, 2011. AR2.

On February 11, 2013, plaintiff filed a claim with the Marine Corps for TSGLI benefits, seeking $25,000 for hospitalization and inability to perform at least two ADLs for 15 consecutive days. AR1357–93. On April 3, 2013, the Office of Servicemembers' Group Life Insurance denied plaintiff's claim. AR28–30. Plaintiff sought reconsideration of his claim and his claim was again denied on June 11, 2013. AR1353.

Plaintiff (now represented by his counsel) filed an appeal on March 6, 2019 from the denial of his claim by the Marine Corps with the Department of the Navy Appeals Board for Traumatic Injury Protection under the Servicemembers' Group Life Insurance program. AR10–13. In this appeal, plaintiff changed his request to $50,000 for inability to perform at least two ADLs for 30 consecutive days. AR13. The TSGLI Appeals Board unanimously denied his appeal on October 28, 2020. AR1412. Plaintiff subsequently filed an application for correction of military record on January 13, 2021. AR9. The Department of the Navy Board for Correction of Naval Records ("BCNR" or "Board") denied his application on March 30, 2021. AR687–89.

In May 2021, plaintiff filed this action for judicial review of the administrative denial of benefits against the United States ("defendant"). *See* Complaint ("Compl.") [Dkt. #3]. The Government then filed a consent motion for voluntary remand to the Secretary of the Navy, with instructions for the BCNR to consider plaintiff's claims for relief. *See* Mot. for Voluntary Remand [Dkt. #8]. I granted the motion. *See* Minute Order of September 9, 2021. On remand, the Board again denied plaintiff's application based on insufficient evidence. AR1.

Following the remand to the BCNR, the parties reported that the result "did not provide a result to the satisfaction of both parties." Joint Mot. for Order and Proposed Briefing Schedule [Dkt. #9]. The parties have now cross-moved for summary judgment, and their motions are ripe. *See* Pl.'s Mot. for Summ. J. ("Pl.'s MSJ") [Dkt. #12]; Def.'s Cross-Mot. for Summ. J. ("Def.'s Cross-MSJ") [Dkt. #14].

## LEGAL STANDARD

The standard provided in Federal Rule of Civil Procedure 56 does not govern motions for summary judgment in actions for judicial review of an administrative agency's decision under the APA. *See Barker v. United States*, 404 F. Supp. 3d 251, 260 (D.D.C. 2019); *Moreno v. Spencer*, 310 F. Supp. 3d 83, 86 (D.D.C. 2018). Instead, courts must decide, "as a matter of law, whether the agency action is supported by the administrative record and otherwise consistent with the APA standard of review." *Coe v. McHugh*, 968 F. Supp. 2d 237, 240 (D.D.C. 2013). Under the APA, courts must set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *Tourus Records, Inc. v. DEA*, 259 F.3d 731, 736 (D.C. Cir. 2001). Although review of agency action is generally deferential, *Blanton v. Office of the Comptroller of the Currency*, 909 F.3d 1162, 1170 (D.C. Cir. 2018), courts must "ensur[e] that agencies have engaged in reasoned decision making," *Iaccarino v. Duke*, 327 F. Supp. 3d 163, 177 (D.D.C. 2018) (quotation marks and citation omitted). "[T]he party challenging an agency's action as arbitrary and capricious bears the burden of proof." *City of Olmstead Falls v. FAA*, 292 F.3d 261, 271 (D.C. Cir. 2002) (quoting *Lomak Petroleum, Inc. v. FERC*, 206 F.3d 1193, 1198 (D.C. Cir. 2000)).[1]

---

[1] Our Circuit generally reviews decisions of military boards under "an unusually deferential application of the 'arbitrary or capricious' standard." *McKinney v. Wormuth*, 5 F.4th 42, 45 (D.C. Cir. 2021) (quoting *Kreis v. Sec'y of the Air Force*, 866 F.2d 1508, 1514 (D.C. Cir. 1989)). However, our Circuit does not appear to have considered whether this standard applies in a case involving a military board's decision on a TSGLI benefits claim. *See Cloud v. United States*, 2019 WL 1924363, at *5 (D.D.C. Apr. 30, 2019). And some of my colleagues "have been reluctant to apply this level of deference in TSGLI cases." *Id.* (citing cases). Because the denial of benefits here "was not arbitrary and capricious under the ordinary APA standard" for all the reasons stated in this Memorandum Opinion, I need not decide whether the "unusually deferential" standard applies in cases involving review of TSGLI claims. *See id.*

# ANALYSIS

Plaintiff argues that the denial of his benefits' claim was arbitrary and capricious for two reasons: first, because the TSGLI Office and BCNR failed to apply the proper standard of review; and, second, because the Board ignored certain evidence indicating that plaintiff was entitled to benefits. Unsurprisingly, the Government disagrees on both counts. Unfortunately for plaintiff, I agree with the Government that both of his arguments are without merit. How so?

## A. Standard of Review

Plaintiff first argues that the Board "erred in weighing and considering evidence, or not considering evidence, and therefore, failed to apply the appropriate legal standard of review." Pl.'s MSJ at 11. By "focus[ing] on selective evidence" and "disregard[ing] the totality of the evidence," plaintiff argues, the Board failed to "consider the 'preponderance of evidence standard.'" Pl.'s MSJ at 12–13.

Plaintiff correctly states (and the Government does not dispute) that the preponderance of the evidence standard applied to the Board's decision. *See* Pl.'s MSJ at 11; Def.'s Cross-MSJ at 16–18; *see also* Secretary of the Navy Instruction 1770.4A Encl. 1 ("Procedures for Appeals of Eligibility Determinations") ¶ 3(e)(2) ("The evidentiary standard for TSGLI determination is a preponderance of the evidence."). However, in arguing that the Board failed to apply the preponderance of the evidence standard, plaintiff does not identify a *different* standard that he believes the Board applied instead. And the record shows that the Board applied the preponderance of the evidence standard in evaluating plaintiff's claim. *See* AR3.

5

In the final analysis, plaintiff's argument is that the Board failed to properly consider the evidence before it—not that the Board applied the wrong legal standard. *See* Pl.'s MSJ at 11 ("[d]efendant erred in weighing and considering evidence"); *id.* at 12 ("the Board failed to consider other medical records"); *id.* ("the Board … disregarded the totality of the evidence"); *id.* at 12–13 ("the Board focused on selective evidence, and, in doing so, disregarded the totality of the evidence"). Accordingly, plaintiff's challenge is better construed as a challenge to the Board's weighing of the evidence, which I address below. *See, e.g., Rich v. United States*, 369 F. Supp. 3d 263, 274 (D.D.C. 2019).

**B. Weighing of Evidence**

Second, plaintiff argues that the administrative record contains sufficient evidence from which to conclude that he was entitled to TSGLI benefits. *See* Pl.'s MSJ at 13. To start, plaintiff's argument incorrectly frames the question before this Court, which must ask whether the Board acted in an arbitrary or capricious manner, or otherwise abused its discretion—not "whether record evidence *could* support the petitioner's view of the issue." *Moreno*, 310 F. Supp. 3d at 87 (emphasis added); *see* 5 U.S.C. § 706(2)(A). In other words, this Court must determine whether "the agency action is supported by the administrative record." *Coe*, 968 F. Supp. 2d at 239.

Regardless, each of plaintiff's asserted challenges to the Board's weighing of the evidence fails. Plaintiff points to statements he submitted from two first-hand witnesses—a squadron Flight Surgeon, Vincent Peronti, and LT Michael Lynch—that he argues support his eligibility for benefits because they "clearly list out the required assistance to perform the claimed ADLs." Pl.'s MSJ at 14. However, these statements are insufficient

6

to show that the Board's decision was not supported by the record. Broadly, the Board noted that it considered all documentary material included with plaintiff's application for benefits and the administrative record. AR1; *see Moreno*, 310 F. Supp. 3d 88. And, contrary to plaintiff's argument, the Board explicitly considered these witness statements but determined that they were inconsistent with "more relevant and reliable" "medical records[] created contemporaneously with the treatment of [plaintiff's] injuries." AR4; *see also* AR689 ("afford[ing] more weight to the evidence in the" "medical treatment records ... created contemporaneously with [plaintiff's] treatment during the time in question"). As my colleagues have recognized when addressing similar evidentiary records, the Board did not act arbitrarily and capriciously by affording more weight to contemporaneous medical records than to "statements made long after the fact by medical professionals not responsible for [plaintiff's] care at the time in question and for the primary purpose of supporting [plaintiff's] TSGLI claim." AR4; *see, e.g., Hensley v. United States*, 292 F. Supp. 3d 399, 409–10 (D.D.C. 2018). Contrary to plaintiff's contention that the Board improperly discredited this evidence, *see* Pl.'s MSJ at 14, the Board rationally determined that other evidence carried more weight. *See Moreno*, 310 F. Supp. 3d at 88–89; *Cloud v. United States*, 2019 WL 1924363, at *7 (D.D.C. 2019). The same reasoning applies to the after-the-fact medical certification by Marc L. Calestini, MD. *Cf.* Pl.'s MSJ at 14–15. Plaintiff therefore has failed to show that the Board acted arbitrarily and capriciously. And, absent a showing that the Board's decision violated the APA, "it would be improper for this Court to 'substitute its judgment for that of the agency.'"

*Moreno*, 310 F. Supp. 3d at 88 (quoting *Motor Vehicle Mfrs. Ass'n of the United States, Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)).

Next, plaintiff argues that the Board erred because, "although the medical records did not explicitly list ADL limitations, the records do not refute that such assistance was necessary either." Pl.'s MSJ at 15. Unfortunately, this argument turns the required analysis on its head. *See, e.g.*, Pl.'s MSJ at 13 ("The assumption that insufficiency of medical records concerning ADLs status implies an ability to perform ADLs is an unfair and unjustifiable assumption against plaintiff."). To be eligible for benefits, plaintiff must suffer a qualifying loss, including the inability to carry out ADLs as specified under the statute and its implementing regulations. *See, e.g.*, 38 C.F.R. § 9.20. And, to evaluate a claimant's application for benefits, the Board must consider whether a preponderance of the evidence supports the claimant's entitlement to payment such that it is more likely true than not true based on the evidence in the record. *See, e.g.*, *Cloud*, 2019 WL 1924363, at *5. Therefore, plaintiff must demonstrate through *affirmative* evidence that he is more likely than not entitled to benefits; put simply, the absence of evidence demonstrating that he is not entitled to benefits is insufficient to establish a claim. *See id.* at *6 ("To successfully bring a TSGLI benefits claim on the basis of ADL loss, [a claimant] must show that he was unable to independently perform at least two ADLs for a [specified] period."). This is especially true at this stage of review when the plaintiff bears the burden of showing that the Board acted arbitrarily and capriciously in denying his benefits claim. *See City of Olmstead Falls*, 292 F.3d at 271. Plaintiff's argument otherwise fails as well.

## CONCLUSION

For all of the foregoing reasons, plaintiff's [Dkt. #12] Motion for Summary Judgment is hereby DENIED and defendant's [Dkt. #14] Cross-Motion for Summary Judgment is hereby GRANTED. A separate Order consistent with this decision accompanies this Memorandum Opinion.

*[signature]*
RICHARD J. LEON
United States District Judge